IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF DETERMINATION OF HEIRS OF KAMEHAMEHA PAIEA KA NA`I AUPUNI - THE CONQUEROR, DECEASED ) ) ) ) ) ) ) ) ) ) | Civ. No. 09-00113 HG-BMK<br><br>FINDING AND RECOMMENDATION THAT THE COMPLAINT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION OR AN ACTUAL CONTROVERSY |

FINDING AND RECOMMENDATION THAT THE COMPLAINT
BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION
OR AN ACTUAL CONTROVERSY

Plaintiff Windyceslau D. Lorenzo, proceeding pro se, filed the Complaint on March 19, 2009, which "is an action for Declaratory Judgment in favor of Plaintiff's claim of lineal descendant heir, in the determination of heirs of Kamehameha I." (Scheduling Conference Statement at 1.) Because this Court lacks subject matter jurisdiction over the Complaint and because no actual controversy exists, the Court FINDS and RECOMMENDS that the Complaint be dismissed.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Id. "In the federal courts, subject matter jurisdiction may arise

from either 'federal question jurisdiction' or 'diversity of citizenship' when the amount in controversy exceeds $75,000." Boydston v. Asset Acceptance LLC, 496 F. Supp. 2d 1101, 1104 (N.D. Cal. 2007). As Lorenzo does not assert that "diversity of citizenship" exists, he must establish "federal question jurisdiction." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."); see also Kokkonen, 511 U.S. at 377 ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

"Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides that '[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.'" Boydston, 496 F. Supp. 2d at 1104. "A case arises under federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392.

In the Complaint, Lorenzo states that "jurisdiction of this Court is proper pursuant to 28 U.S.C. Section 1331," which authorizes federal question jurisdiction. However, the allegations in the Complaint do not present this Court with a federal question. Lorenzo prays for a determination that he is an heir of Kamehameha I. Federal law does not create this purported cause of action, and the vindication of Lorenzo's rights does not turn on construction of federal law. See Republican Party of Guam, 277 F.3d at 1088. Absent diversity of citizenship and federal question jurisdiction, this Court lacks subject matter jurisdiction over the claims raised in the Complaint. Caterpillar Inc., 482 U.S. at 392.

Furthermore, the Declaratory Judgment Act permits a federal court to declare the rights of parties to "a case of actual controversy." Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., 655 F.2d 938, 942 (9th Cir. 1981). The "actual controversy" requirement of the Declaratory Judgment Act is the same as the "case or controversy" requirement of Article III of the United States Constitution. Id. In determining whether an "actual controversy" exists, the Court must decide "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal

interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941) (emphasis added).  "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests [and] must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character."  Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-41 (1937).

In the present case, the Complaint fails to allege an "actual controversy" required under the Declaratory Judgment Act.  No controversy "between parties having adverse legal interests" is alleged.  Indeed, Lorenzo is the only named party and no Defendant has been named.  Consequently, absent a "substantial controversy[]  between parties having adverse legal interests," declaratory relief is unavailable.  Maryland Cas. Co., 312 U.S. at 273.

In light of the foregoing, the Court FINDS and RECOMMENDS that the Complaint be dismissed for lack of subject matter jurisdiction and for failure to allege an actual controversy under the Declaratory Judgment Act.

Case 1:09-cv-00113-HG-BMK   Document 10   Filed 06/18/09   Page 5 of 5     PageID #: 54

DATED: Honolulu, Hawaii, June 18, 2009.

IT IS SO ORDERED.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

In the Matter of Determination of Heirs of Kamehameha Paiea, Civ. No. 09-00113 HG-BMK; FINDING AND RECOMMENDATION THAT THE COMPLAINT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION OR AN ACTUAL CONTROVERSY.